## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAKEEM HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-1213-JEH-JES |
| | ) |
| CHRIS RENKEN, *et al*., | ) |
| | ) |
| Defendants. | ) |

# <u>ORDER AND OPINION</u>

Plaintiff is proceeding *pro se* against McLean County Sheriff's Deputies Chris Renken and Nathan Haynes, alleging that on May 16, 2022, they violated his Fourth Amendment rights against unreasonable search and seizure and falsely imprisoned him in violation of Illinois state law; and that Defendant Renken assaulted and battered him in violation of Illinois law. Defendants have filed a Motion to Partially Dismiss, directed at the state law claims but not the Fourth Amendment claim. Defendants assert that the state law claims must be dismissed as they are untimely under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") ("Act"), 745 ILCS 10/8-101. (Doc. 15). Plaintiff has filed a response, apparently conceding that he filed late, but asserting that the discovery rule and equitable tolling should apply. (Doc. 18). For the reasons indicated herein, Defendants' motion is granted, as the state law claims of false imprisonment, assault, and battery are DISMISSED. This case will proceed as to the Fourth Amendment claim only.

### BACKGROUND

On August 3, 2023, the Court undertook a threshold review of Plaintiff's complaint and request for *in forma pauperis* status as required under 28 U.S.C. § 1915(e)(2)). (Doc. 4). The Court allowed Plaintiff to proceed on the alleged incident of May 16, 2022. On that date,

1

Plaintiff was at the McLean County Courthouse for unidentified "personal business." He pled that as he headed to the elevators, Defendant Officers Renken and Haynes approached and asked him why he was not responding to the name "Michael Anderson." Plaintiff informed the officers that he was not Michael Anderson and did not look like Michael Anderson. Plaintiff alleges that when he entered the elevator, Renken and Haynes also entered, blocking the elevator doors. Defendant Renken claimed that Plaintiff was lying about his identity and threatened to arrest him for obstruction. At some point, the two officers stepped back, and Plaintiff headed for the stairwell. Plaintiff claims that Defendants then "rushed" and "cornered" him, requesting his ID. Plaintiff asked if he was suspected of a crime and the officers replied "No." Plaintiff refused to produce an ID and Defendant Renken told him he was free to go. However, as Plaintiff entered the stairwell, Defendant Renken grabbed his arm. Plaintiff wrestled his arm free, exited the stairwell, and headed toward a jail security officer, yelling for help.

At some point, Renken showed Plaintiff a picture of Michael Anderson, stating "so you [sic] telling us this does not look like you?" Plaintiff responded, "you act as if we all look alike." At that point, Renken ordered Plaintiff to either proceed upstairs to the third floor where he was originally headed or leave the courthouse. Plaintiff refused to do either, and Defendant Renken yelled at him up close, spraying saliva, and threatening him with arrest if he did not leave. It appears that Plaintiff vacated the courthouse at this point.

The Court found that Plaintiff has adequately pled Fourth Amendment and state law false imprisonment claims against Defendants Renken and Haynes for allegedly seizing him in the elevator and stairwell on May 16, 2022; and state law claims of assault and battery against Defendant Renken.

DISCUSSION

Defendants move to dismiss the false imprisonment, assault, and battery claims as filed outside the one-year statute of limitations provided under the Tort Immunity Act. The Act provides in pertinent part:

> No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS 10/8-101(a). The one-year Tort Immunity Act limitation applies to Plaintiff's state law claims but not the Fourth Amendment claims. The Fourth Amendment claims are asserted under 42 U.S.C. § 1983 to which a two-year statute of limitations applies.[1] The Illinois Tort Immunity Act does not apply to the federal claims, as "[t]he elements of, and the defenses to, a federal cause of action are defined by federal law." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998) (quoting *Howlett v. Rose*, 496 U.S. 356, 375 (1990)). As a result, Defendants only challenge the timeliness of the state law claims.

Here, it is clear that the Defendants, employed by a local entity the McLean County Sheriff's Department, are covered under the Act. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004) (finding that the one-year limit of the Act applies to "a local entity or any of its employees.") (quoting 745 ILCS 10/1-202). *See Cooperwood v. Farmer*, 315 F.R.D. 493 (N.D. Ill. 2016) (applying the Tort Immunity Act to "county sheriff's deputies and municipal police officers."). It is also clear that under the Act, Plaintiff had one year from May 16, 2022 in which

---

[1] Section 1983 does not provide a statute of limitations so "the statute of limitations for a § 1983 action is borrowed from the forum state, *see Wallace v. Kato*, 549 U.S. 384, 387-88 (2007)), and that is two years in Illinois." *Marshall v. Elgin Police Dep't & Detective Houghton*, No. 22-3159, 2023 WL 4102997, at *1 (7th Cir. June 21, 2023) (citing 735 ILCS § 5/13-202).

to file his Illinois state law claims. Plaintiff did not file suit until June 1, 2023, several weeks

beyond the limit. Plaintiff does not dispute this, but asserts that the late filing should be excused

as he did not immediately know the identities of the Defendant officers and, "was not aware of

all the injuries that are the basis of this action." (Doc. 18 at 1).

Plaintiff explains that on May 24, 2022, he directed an FOIA request to McLean County

to obtain the video footage and identities of the Defendant officers. McLean County responded

10 days later, on June 3, 2022. *Id*. Plaintiff asserts that the limitations period did not start running

until June 3, 2022, when he discovered Defendants' identities and became "aware" of all of his

injuries.

Here, Plaintiff apparently seeks to invoke the "discovery rule" exception to a statute of

limitations. As these are state law claims, the Court looks to Illinois law for guidance. *See*

*Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (finding that a state court statute of

limitations is a substantive matter to be decided under state law) (citing *Guaranty Trust v. York*,

326 U.S. 99, 110 (1945)). *See Swanson v. Sw. Airlines Co., Inc.*, No. 21-05595, 2023 WL

5509357, at *2 (N.D. Ill. Aug. 26, 2023) ("'federal courts are to apply state substantive law and

federal procedural law'") (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). *See also*

*Wolfgram v. Miller*, No. 21-02755, 2023 WL 6388729, at *4 (N.D. Ill. Sept. 30, 2023) (noting

that under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a state statute of limitations is a

substantive matter to which a federal court must apply state law).

The Illinois discovery rule "postpones the commencement of the relevant statute of

limitations until an injured plaintiff knows or reasonably should know that they have been

injured and that the injury was wrongfully caused." *Mitchell v. Michael's Sports Lounge*, No. 22-

0011, 2023 WL 8614275, at *6 (Ill. App. Ct. 1st Dist. Dec. 13, 2023) (citing *Golla v. General*

*Motors Corp.*, 657 N.E.2d 894, 898 (1995)). *See Tabet v. Mill Run Tours, Inc.*, No. 10-4606, 2013 WL 1103695, at *5 (N.D. Ill. Mar. 15, 2013) ("'[W]hen a statute of limitations does not begin to run until 'discovery,' the discovery referred to is merely discovery that the plaintiff has been wrongfully injured.'") (quoting *Fidelity Nat. Title Ins. Co. of New York v. Howard Savings Bank*, 436 F.3d 836, 839 (7th Cir. 2006) ("applying Illinois law") (collecting cases).

In Illinois, false imprisonment is the "unlawful restraint of an individual's personal liberty or freedom of locomotion." *Hernandez v. Sheahan*, No. 93-1668, 1993 WL 257486, at *6 (N.D. Ill. July 8, 1993) (citing *Baltz v. Shelley,* 661 F. Supp. 169, 181 (N.D. Ill. 1987). It is generally considered that a false imprisonment claim accrues on the date the individual is released from the imprisonment. *Id. See Hawks v. Gade*, No. 16-4944, 2018 WL 2193197, at *5 (N.D. Ill. May 14, 2018) ("Under Illinois law . . . claims for false imprisonment accrue at the time of release from the wrongful imprisonment.") (internal citation omitted); *Harris v. Wainscott*, No. 18-2789, 2019 WL 1995270, at *3 (N.D. Ill. May 5, 2019) (same).

Here, plaintiff's alleged false imprisonment and release took place on May 16, 2022. This is also true of the alleged assault and battery. *See Grzanecki v. Cook Cnty. Sheriffs Police Dep't.*, No. 10-07345, 2011 WL 3610087, at *2 (N.D. Ill. Aug. 16, 2011) (finding that state law claims for "assault and battery" accrued on the date of the incident). Plaintiff was aware of the state law claims on May 16, 2022, so he cannot claim the benefit of the discovery rule. This is so, even though Plaintiff did not immediately know Defendants' identities. *See Huon v. Former Madison Cnty. State's Attorney William Mudge*, No. 12-0166, 2013 WL 12152427, at *6–7 (S.D. Ill. Aug. 22, 2013), *aff'd sub nom. Huon v. Mudge*, 597 Fed. App'x. 868 (7th Cir. 2015) (finding that an action for false imprisonment under Illinois law accrues at the time the plaintiff is falsely

imprisoned, not at the time he learns the identity of the defendant officers). As a result, the discovery rule will not apply to excuse Plaintiff's late filing.

The Court now considers Plaintiff's other argument, that the filing deadline should be equitably tolled. As previously noted, a state statute of limitations is considered substantive, to be decided under state law. This is also true of statutes of limitations tolling provisions. *Robinson v. Grazyk*, No. 18-3317, 2019 WL 3801864, at *3 (N.D. Ill. Aug. 13, 2019) (finding that when a federal court applies a state law statute of limitations, it should also apply the state tolling provisions) (citing *Johnson v. Rivera*, 272 F. 3d 519, 521 (7th Cir. 2001). *See also Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 596–97 (7th Cir. 2001) (applying Illinois equitable tolling to a § 1983 claim which "borrowed" the state statute of limitations). "We now hold, in conformity with all the appellate cases in other circuits that have addressed the issue, that the state, rather than the federal, doctrine of equitable tolling governs cases of borrowing." *Id*. (collecting cases).

The Illinois Supreme Court outlined the elements of equitable tolling in *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). The court found that the doctrine was applicable "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." This reference to a defendant's conduct, or the interference with a plaintiff's assertion of his rights was discussed by Judge Posner in *Fidelity*, 436 F.3d at 839. Judge Posner observed that the misconduct identified in *Clay* sounded more in the nature of equitable estoppel rather than equitable tolling.[2] Judge Posner questioned "whether Illinois recognizes equitable

---

[2] "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim. In contrast, the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time . . ." *Shropshear,* 275 F.3d at 595.

tolling" but guessed that it would. *Fidelity,* 436 F. 3d at 839). *See also Aleman v. Dart*, No. 08-6322, 2010 WL 502755, at *4 (N.D. Ill. Feb. 9, 2010) (stating "the scope of the equitable tolling doctrine in Illinois far from clear.").

In contrast, the federal equitable tolling doctrine applied to federal claims does not require a showing of misconduct by the defendant. It "allows 'a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on [her] part [s]he was unable to sue before, even though the defendant took no active steps to prevent [her] from suing.'" *Billups-Dryer v. Vill. of Dolton, Illinois*, No. 20-1597, 2023 WL 6290543, at *5 (N.D. Ill. Sept. 27, 2023) (quoting *Donald v. Cook Cnty. Sheriff Dep't.*, 95 F.3d 548, 561–62 (7th Cir. 1996). *See also Griffin v. Willoughby*, 867 N.E.2d 1007, 1013 (Ill. App. Ct. 4th Dist. 2006) (citing *Miller v. Runyon*, 77 F. 3d 189, 191 (7th Cir. 1996) (same)).

Here, however, the Illinois rather than the federal doctrine of equitable tolling applies. Plaintiff cannot have the benefit of equitable tolling unless he satisfies one of the *Clay* requirements; that he was misled by a defendant, that he was prevented in some extraordinary way, or that he mistakenly asserted his rights in the wrong forum. Notably, Plaintiff does not claim that Defendants did anything to prevent him filing on time, nor could he, as he alleges that the Defendants' identities were disclosed to him within 10 days of his FOIA request. *See Hollander*, 457 F.3d at 694 ("The Illinois courts apply this doctrine most typically in situations where the defendant has 'lulled' the plaintiff into delaying suit, either by promising not to plead a limitations defense or by concealing evidence that the plaintiff needed to determine the existence of her claim."). There is no such claim of misconduct here.

Similarly, there is no suggestion that plaintiff filed in the wrong forum, so the remaining issue is whether "plaintiff has been prevented from asserting his or her rights in some

extraordinary way." *Clay*, 727 N.E.2d at 223. "'Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence.'" *Ralda-Sanden v. Sanden*, 989 N.E.2d 1143, 1149 (Ill. App. Ct. 1st Dist. April 30, 2023) (quoting *Thede v. Kapsas*, 897 N.E. 2d 345, 351 (2008).

Plaintiff identifies no such barriers but claims, that as he was not aware of Defendants' identities until June 3, 2022, the statute did not begin to run until then. The caselaw is clear, however, that the statute began to run on May 16, 2022, when he became aware of the alleged false imprisonment, assault, and battery, not the day he learned the Defendants' identities. *Huon*, 2013 WL 12152427, at *7. As a result, Plaintiff cannot claim that the initial lack of knowledge as to the Defendants' identities hampered the exercise of his rights in some extraordinary way. Plaintiff learned the Defendants' identities on June 3, 2022, but inexplicably, did not file his lawsuit until June 1, 2023, almost a full year later. Plaintiff fails to disclose an extraordinary barrier that prevented him filing between June 3, 2022 and May 15, 2023. *See Ashafa v. City of Chicago*, 146 F.3d 459, 464 (7th Cir. 1998) ("[E]quitable tolling does not reset the statute of limitations; instead, the doctrine requires that the plaintiff get the litigation under way promptly after the circumstance justifying delay is no longer present."). *See also Shropshear*, 275 F.3d at 598–99 ("once the obstacles strewn by the defendant to the plaintiff's suing have been cleared away; then he must act quickly"). Plaintiff has failed to establish an entitlement to equitable tolling.

Still, this is not the end of the inquiry as the Court must determine whether it is appropriate to make this finding at the pleadings stage. "The basic rule [is] that the statute of limitations is an affirmative defense, *see* Fed.R.Civ.P. 8(c), and need not be addressed in the

complaint." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (citing *U.S. Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003)). *Barry* noted that a plaintiff is not required to address affirmative defenses in an initial pleading and that a complaint would be found to state a claim "whether or not some defense is potentially available." (citing *United States v. N. Trust Co*., 372 F.3d 886, 888 (7th Cir. 2004)). However, "[t]his general rule is subject to an important exception. The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Id.*at 688 (citing *N. Trust,* 372 F.3d at 888*; Gypsum,* 350 F.3d at 626).

"A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *Id*. at 688 (citing *Gypsum* at 626). *See Coleman v. City of Chicago*, No. 13-6792, 2014 WL 3706584, at *2 (N.D. Ill. July 25, 2014) ("the Court may grant Defendants' Rule 12(b)(6) motion based on the statute of limitations only if the complaint affirmatively establishes that Plaintiff had failed to file suit within the one-year statute of limitations."). Here, Plaintiff does not dispute the untimely filing of the state law claims. He merely attempts to excuse this failure by invoking the Illinois discovery rule and doctrine of equitable tolling, neither of which applies for the reasons discussed, *infra*. As a result, this matter "may be resolved definitively on the face of the complaint." *Barry*, 377 F.3d at 688.

CONCLUSION

For the reasons set forth above, Defendants' Motion to Partially Dismiss as to the state law claims of false imprisonment, assault, and battery (Doc. 15) is GRANTED. This case shall proceed only as to the Fourth Amendment claims asserted against Defendants Renken and Haynes.

Signed on this 28th day of December 2023.

<u>s/James E. Shadid</u>
James E. Shadid
United States District Judge